Díaz, Petitioner, v. Foote, District Judge, Respondent.

Petition for a Writ of Certiorari to the District Judge of Mayagüez in a Foreclosure Proceeding.

No. 259.—Decided February 28, 1920.

DISSENTING OPINION OF MR. JUSTICE WOLF. *

The law does not require vain and useless things and when the purchaser at an execution sale pays over the whole price to the executing officer of the court the said purchaser is not bound to see to the application of the purchase money. In this case the whole purchase price came into the hands of the marshal and that was the legal equivalent under our practice of a deposit in court. *Montes de Oca* v. *Báez et al.,* 23 P. R. R. 656. It is true that Pol attempted to attach part of the price as if it belonged to the debtor and Díaz also made a mistake, but as the court indicates, *ante,* page 131, the attitude of the parties makes no difference. The marshal had no right to pay the balance of $81.50 to Pol and in point of fact the transmitted record shows that he actually deposited this sum in court where Díaz could have obtained it. The purchaser is not bound to put the money in the hands of the other mortgage creditors, but merely to deposit the whole price. This is the necessary conclusion from sections

---

* See *ante,* page 135.

125 *et seq.* of the Mortgage Law and sections 132, 174 *et seq.* of the rules for its enforcement. ·

As Benigno Díaz could get a ruling and an award of this sum of $81.50 on due application to the court, it is a case of *de minimis* and the writ of certiorari ought not to be applied.

In addition, whether the District Court of Mayagüez had a right or not to order the cancelation was a matter of substantive law. There was no question raised of the right of Benigno Díaz to oppose the cancelation. He was duly heard and the court decided against him. He raised no question, moreover, of the $81.50 not being paid to him. He was trying to make the purchaser pay the remaining instalments of the mortgage as a third possessor. Díaz was denied no procedural right and the writ of certiorari ought to have been annulled.